RECEIVED

NOV 28 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 3:04CV2571<br>) |
| KIDDIE LAND DAYCARE AND NURSERY, INC. AND MONICA D. TATUM MCWILLIAMS, Individually | )<br>)<br>)<br>) |
| Defendants. | ) |

## JUDGMENT BY DEFAULT

Plaintiff's Motion for Judgment by Default came on for consideration. It appears to the Court that on December 22, 2004, this civil action was commenced; that on April 13, 2005, the Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, were served with a copy of the summons and complaint; that Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, have not answered, appeared or raised any defenses to the allegations in the complaint; that on July 1, 2005, the Clerk of the Court entered default against the Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, pursuant to Rule 55 of the Federal Rules of Civil Procedure; that Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, have not moved pursuant to Rule 55(c) to set aside for good cause shown the entry of default against it, and that Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, are withholding $38,374.40 in

unpaid overtime compensation due to its employees, and that the employees are due $38,374.40 in liquidated damages. It is therefore:

**ORDERED, ADJUDGED and DECREED** that Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, their officers, agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of §§ 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks up to forty (40) hours, unless the employee receives the minimum hourly wage rate applicable under § 6(a)(1) of the Act.

Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams,

Individually, shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5) fail to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516.

It is further **ORDERED, ADJUDGED and DECREED** that Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, be, and they hereby are enjoined and restrained from withholding payment of minimum wage and overtime compensation in the total amount of $38,374.40 for the period from June 1, 2001 through May 31, 2003, which the Court finds is due under the Act to Defendant's employees identified in Exhibit "A" (attached).

It is further **ORDERED, ADJUDGED and DECREED** that Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, pursuant to Section 16(c) of the Act, are liable for unpaid minimum wage and overtime compensation to Defendant's employees in the amount $38,374.40 for the period June 1, 2001 through May 31, 2003, and for liquidated damages equal in the amount of unpaid compensation found due Defendant's employees identified in Exhibit "A" (attached), in the amount of $38,374.40 (for a combined total of $76,748.80).

To comply with this provision of this judgment, Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, within 60 days from entry of this judgment, shall deliver to Plaintiff a cashier's or certified check payable to "Employment

Standards Administration - Labor" in the total amount of $76,748.80, the proceeds of which check the Plaintiff shall distribute to Defendants' employees identified in Exhibit "A" (attached). Defendants shall remain liable for the employers' portion of any applicable income tax. Any net sums which within 3 (three) years after the payment pursuant to this judgment have not been distributed to such employees, or to their estate if necessary, because of Plaintiff's inability to locate the proper persons, or because of their refusal to accept such sums, shall be deposited with the Treasurer of the United States.

It is further **ORDERED, ADJUDGED, and DECREED** that the right of any and all of Defendant's employees not specifically named in Exhibit "A" attached hereto to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. §216(b), shall be restored and that neither the filing of this action nor the entry of this judgment shall be a bar to such action and that the statute of limitations in such action shall be deemed tolled during the pendency of this action.

It is further **ORDERED, ADJUDGED, and DECREED** that the instant action is deemed to cover the period from June 1, 2001 through May 31, 2003. The parties therefore agree that the filing of this default judgment shall not be interpreted so as to prejudice or preclude the legal rights of the Secretary of Labor or of any employees of Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, in any action arising under the Act covering violations alleged to have occurred after May 31, 2003.

It is further **ORDERED, ADJUDGED, and DECREED** that the costs of this action be, and the same hereby are, taxed against Defendants, Kiddie Land Daycare and Nursery, Inc. and Monica D. Tatum McWilliams, Individually, for which execution may issue.

Dated this 23 day of November, 2005.

_____
United States District Court Judge

## EXHIBIT A

| | |
|---|---|
| Ard, Cynthia | $2,742.02 |
| Crump, Rosie | $2,600.00 |
| George, Delores | $1,583.42 |
| Goins, Pecola | $2,857.88 |
| Griffin, Geraldine | $3,862.00 |
| Hall, Sandra | $7,042.38 |
| Hamburg, Odessa | $234.00 |
| Henderson, Katina | $1,838.55 |
| Hoston, Shantel | $679.80 |
| Lenard, Juanita | $1,338.10 |
| Miller, Alleschia | $1,261.75 |
| Sanders, Paula | $473.80 |
| Thompson, Juanita | $6,000.00 |
| Tillman, Yolanda | $2,575.00 |
| Williams, Velma | $3,285.70 |
| | $38,374.40 |